IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

KRISTINA DEITZ                                                    PLAINTIFF
109 Circle Street
Muldraugh, Kentucky 40155


Case No. _____ 3:17-cv-737-DJH

v.

Judge_____


CAPITAL ONE AUTO FINANCE, INC.                                   DEFENDANTS
1680 Capital One Drive
McLean, Virginia 22102

       SERVE:      Capital One Auto Finance, Inc.
                    1680 Capital One Drive
                    McLean, Virginia 22102
                    (BY KENTUCKY SECRETARY OF STATE)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

       SERVE:      CSC-Lawyers Incorporating Service Co.
                    421 W. Main Street
                    Frankfort, Kentucky 40601
                    (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

SERVE:    The Prentice Hall Corporation System
421 W. Main Street
Frankfort, Kentucky 40601
(BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

SERVE:    CT Corporation System
306 W. Main Street, Suite 512
Frankfort, Kentucky 40601
(BY CERTIFIED MAIL)

** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, Kristina Deitz, by counsel, and for her Verified Complaint against the Defendants, Capital One Auto Finance, Inc. ("Capital One"), Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian"), states as follows:

## I. PRELIMINARY STATEMENT

1.    This is an action for negligence, defamation and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendants' failure to investigate Plaintiff's credit reporting dispute, Capital One's false reporting to Equifax, Trans Union, and Experian of an alleged delinquent debt, and Defendants' failure to correct Capital One's false reporting on Plaintiff's credit reports

## II. PARTIES

2.    Plaintiff, Kristina Deitz, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 109 Circle Street, Maldraugh, Kentucky 40155.

3.    Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

2

4.      Defendant, Capital One, is Virginia Corporation doing business in the Commonwealth of Kentucky with its principal place of business at 1680 Capital One Drive, McLean, Virginia 22101.

5.      Capital One is a "person" at that term is defined by the FCRA 15 U.S.C. §1681a(b).

6.      Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7.      Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8.      Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9.      Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

10.     Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11.     Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

12.     Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

13.     Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

14.     Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

15.     This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Meade County, Kentucky as a result of the Defendants' doing business in Meade County, Kentucky.

### IV. FACTUAL BACKGROUND

16.     In or around August 2017, Plaintiff, who was in the process of seeking home mortgage financing, accessed her Equifax, Trans Union, and Experian credit reports and discovered that Capital One was reporting that Plaintiff's Capital One's automobile loan account was past due and owing to Capital One in the amount of $942.00.

17.     In or around June 2016, Capital One charged off Plaintiff's debt in the amount of $942.00, presumably Plaintiff's remaining balance on the Capital One account, pursuant to 26 U.S.C. § 6050P(b)(2)(G).

18.     Immediately upon discovering Capital One's false and derogatory tradeline which showed an alleged balance due and owing to Capital One, Plaintiff filed disputes with Equifax, Trans Union and Experian regarding the inaccuracy of the Capital One tradeline given Capital One's forgiveness and discharge of the alleged debt.

19.     Upon information and belief, Equifax, Trans Union and Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Capital One of the disputes at or within

five (5) days of Equifax's, Trans Union's and Experian's receiving notice of the disputes from Plaintiffs.

20.     In August 2017, Capital One, Equifax, Trans Union and Experian verified the alleged past due Capital One account reporting on Plaintiff's credit reports.

21.     Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, Capital One, Equifax, Trans Union, and Experian failed to investigate Plaintiff's disputes and failed to remove the disputed item from Plaintiff's credit reports.

22.     Upon information and belief, Capital One, Equifax, Trans Union, and Experian did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Capital One's, Equifax's, Trans Union's and Experian's receipt of Plaintiff's disputes.

23.     The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' false reporting of Plaintiff's alleged past due Capital One account.

## V. CLAIMS

### Negligence – Capital One

24.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25.     Capital One's failure to investigate Plaintiff's disputes and its false reporting to Equifax, Trans Union, and Experian regarding the Capital One tradeline were negligent under applicable law.  In failing to investigate Plaintiff's dispute and in falsely reporting the status of the Capital One account, Capital One breached its duties to Plaintiff to investigate consumer disputes and to report accurate information regarding Plaintiff's credit history and acted with conscious

disregard for Plaintiff's rights.

26.     Capital One's failure to investigate Plaintiff's dispute and its false reporting to Equifax, Trans Union and Experian regarding the alleged past due Capital One account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

27.     Capital One's failure to investigate Plaintiff's disputes and its false reporting to Equifax, Trans Union and Experian regarding the Capital One tradeline were willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Equifax

28.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

29.     Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of Plaintiff's Capital One account, despite Plaintiff's lawful notice to Equifax of the falsity of the report, was negligent.

30.     In failing to investigate Plaintiff's dispute and in failing to delete and/or amend its reporting of the subject tradeline, Equifax breached its duties to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

31.     Equifax's negligent failure to delete and/or amend its reporting of the subject tradeline has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

32.     Equifax's failure to delete and/or amend its reporting of the subject tradeline, despite

Plaintiff's lawful notice to Equifax of the falsity of the reporting, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Trans Union

33.    Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

34.    Trans Union's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the Capital One tradeline, despite Plaintiff's lawful notice to Trans Union of the falsity of the report, was negligent.

35.    In failing to investigate Plaintiff's dispute and in failing to delete and/or amend its reporting of the Capital One tradeline, Trans Union breached its duties to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

36.    Trans Union's negligent failure delete and/or amend its reporting of the Capital One tradeline has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

37.    Trans Union's failure to delete and/or amend its reporting of the Capital One tradeline, despite Plaintiff's lawful notice to Trans Union of the falsity of the reporting, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Experian

38.    Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

39.    Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the Capital One tradeline, despite Plaintiff's lawful notices to Experian of

the falsity of the report, was negligent.

40.     In failing to investigate Plaintiff's dispute and in failing to delete and/or amend its reporting of the Capital One tradeline, Experian breached its duties to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

41.     Experian's negligent failure to delete and/or amend its reporting of the Capital One tradeline has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

42.     Experian's failure to delete and/or amend its reporting of the Capital One tradeline, despite Plaintiff's lawful notice to Trans Union of the falsity of the reporting, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – Capital One

43.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 42 as if fully set forth herein.

44.     Capital One, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax, Trans Union, and Experian and other currently unknown individuals and/or entities who have accessed Plaintiff's credit reports, that Plaintiff has a past due and payable credit account with Capital One. Capital One's statements were false and were made with conscious disregard for the rights of the Plaintiff.

45.     Capital One's publication of false statements regarding Plaintiff's creditworthiness and the alleged past due Capital One account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

## Defamation – Equifax

46.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 45 as if fully set forth herein.

47.     Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Capital One and other currently unknown entities and/or individuals who have accessed Plaintiffs' Equifax credit report, that Plaintiff has a past due and payable account with Capital One.  Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

48.     Equifax's publication of false statements regarding Plaintiff's creditworthiness amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

## Defamation – Trans Union

49.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 48 as if fully set forth herein.

50.     Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to Capital One and other currently unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that Plaintiff has a past due and payable account with Capital One.  Trans Union's statements were false and were made with conscious disregard for the rights of the Plaintiff.

51.     Trans Union's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Capital One account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

## Defamation – Experian

52.   Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 51 as if fully set forth herein.

53.   Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to Capital One and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff has a past due and payable account with Capital One.  Experian's statements were false and were made with conscious disregard for the rights of the Plaintiff.

54.   Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Capital One account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

## Negligent Violation of the Fair Credit Reporting Act – Capital One

55.   Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 54 as if fully set forth herein.

56.   Capital One's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax, Trans Union and Experian of Plaintiff's alleged past due and payable Capital One account are violations of Capital One's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

57.   Capital One's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Capital One is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

**Negligent Violation of the Fair Credit Reporting Act – Equifax**

58.　　Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 57 as if fully set forth herein.

59.　　Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline despite knowledge of the falsity of the disputed item is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

60.　　Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

61.　　Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Negligent Violation of the Fair Credit Reporting Act – Trans Union**

62.　　Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 61 as if fully set forth herein.

63.　　Trans Union's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the disputed Capital One account from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

64.    Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute is a violation of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

65.    Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Negligent Violation of the Fair Credit Reporting Act – Experian**

66.    Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 65 as if fully set forth herein.

67.    Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the disputed Capital One account from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

68.    Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

69.    Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Capital One**

70.  Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 69 as if fully set forth herein.

71.  Capital One's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax, Trans Union and Experian of Plaintiff's alleged past due and payable Capital One account, despite Capital One's knowledge of the falsity of its reporting, are willful violations of Capital One's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

72.  Given Capital One's knowledge of the falsity of its reporting, Capital One's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Capital One is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Equifax**

73.  Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 72 as if fully set forth herein.

74.  Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline despite Equifax's knowledge of the falsity of the disputed item are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

75.  Equifax's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts delete and/or amend its reporting of the disputed item within a reasonable time following

Equifax's receipt of Plaintiff's dispute are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

76.     Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

77.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 76 as if fully set forth herein.

78.     Trans Union's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the Capital One account despite Trans Union's knowledge of the falsity of the disputed item is a willful violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

79.     Trans Union's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts delete and/or amend its reporting of the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

80.     Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Experian

81.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1

through 80 as if fully set forth herein.

82.　　Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the Capital One account despite Experian's knowledge of the falsity of the disputed item are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

83.　　Experian's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts delete and/or amend its reporting of the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

84.　　Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Kristina Deitz, respectfully demands the following:

1.　　Trial by jury on all issues so triable;

2.　　Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3.　　For attorneys' fees and costs; and,

4.　　Any and all other relief to which Plaintiffs may appear to be entitled.

Respectfully submitted,


/s/David W. Hemminger
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
616 South Fifth St.
Louisville, KY  40202
Phone, (502) 443-1060
Facsimile, (502) 589-3004
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

16

From:United Mail                                    12/07/2017 12:01    #436 P.0027002

## VERIFICATION

I, Kristina Deitz, hereby state that I have read the foregoing Verified Complaint and the

statements contained therein are true and accurate to the best of my knowledge, information and

belief.

_____
Kristina Deitz


COMMONWEALTH OF KENTUCKY        )
                                ) SS
COUNTY OF MEADE                 )


Subscribed, sworn to and acknowledged before me by Kristina Deitz this 1st day of

December, 2017.

_____
Notary Public

Commission expires: 3|15|2021